OF

# THE STATE OF NEW JERSEY.

## 1922

---

EDWIN ROBERT WALKER, ORDINARY.

EDMUND B. LEAMING, VIVIAN M. LEWIS, JOHN H. BACKES,
JOHN GRIFFIN, JOHN E. FOSTER, MALCOLM G. BU-
CHANAN, JAMES F. FIELDER, ALONZO CHURCH,
ROBERT H. INGERSOLL AND JOHN BENT-
LEY, VICE-ORDINARIES.

---

In the matter of the application for the probate of the last
will and testament of DANIEL VINCENT HARRISON,
deceased.

[Decided October 13th, 1922.]

1. Probate of a will in solemn form is not a matter of absolute
right, but rests in the sound discretion of the court; and is only
allowed when a proper case for such action is presented on good
ground shown, such as when it is made to appear that a fair ground
exists for contesting the validity of the will.

2. When all of the parties interested in the proof of a will, being
*sui juris*, have in writing signified their acceptance of the testament,
and consented to its probate, they have signified their intention not
to contest its validity; and probate of such a will in solemn form will
be denied.

10

3. Applications for the probate of wills may be made directly to vice-ordinaries without special reference to them by the ordinary, in virtue of the supplement to the Prerogative Court act (*P. L. 1913 p. 81*), and prerogative court rule 56.

---

On application for proof of will in solemn form.

*Mr. Robert H. Boyd, Jr.,* for the application.

WALKER, ORDINARY.

A petition has been filed by the Montclair Essex Trust Company and Benjamin V. Harrison, of Montclair, executors named in a paper-writing purporting to be the last will and testament of Daniel V. Harrison, late of Montclair, in the county of Essex. The petition shows who are the only heirs-at-law and next of kin of the deceased, all of whom are of full age. All of these heirs-at-law and next of kin, being the only parties interested in the probate of decedent's will, have joined in a written instrument reciting the death of testator, setting forth that they are his only children (heirs-at-law and next of kin), and requesting that his will be duly admitted to probate, and consenting to the probate of the same and to the issuance of letters testamentary upon the estate of decedent to the executors named. This instrument, which is improperly endorsed "Renunciation," was acknowledged by the parties thereto as in the case of acknowledgment of deeds of conveyance of lands The petitioning executors aver that they desire that proof of the will should be taken in solemn form. This to me seems singular in view of the fact that all of the parties in interest in decedent's estate as heirs-at-law and next of kin consent to probate of the will

In *Staub's Case, 49 N. J. Eq. 264,* Chancellor McGill observed (at *p. 265*): "There are two methods of obtaining probate known to the practice of the English ecclesiastical courts—one in common form and the other in solemn form or *per testes.* The proof is said to be in common form when the executor presents the will for probate in absence of the parties in interest (to be affected by the probate), and, without

citing them, proceeds *ex parte* with his proof, and it is said to be in solemn form when those in interest are cited to be present at the probation or approbation of the will."

*In re Hodnett, 65 N. J. Eq. 329,* Chancellor Magie observed (at *p. 337*) : "So we are justified in the view that the real distinction between the two classes of probate consisted in the facts that one was allowed without notice and the allowance of the other was only upon notice to the parties interested, with opportunity to attend and be heard on the question of probate." And (at *p. 342*) : "For these reasons I deem .myself possessed of authority to require an executor who has proved a will before me without notice to prove the same will with notice to. all the parties whenever a proper case for such action is presented. The remaining question is, what is a proper case requiring such action?" and (at *p. 343*) : "Under our practice, pursuant to which a contest may be raised by anyone interested by caveat or appeal, I think probate in solemn form ought not to be compelled, except upon some good ground shown." And (at *p. 344*) : "It will be sufficient to justify the ordinary in requiring probate on notice if there is made to appear to him a fair ground for contesting the validity of the will in respect to its execution, or the testamentary capacity of the testator, or as to the will being the product of undue influence."

Along with the petition a form of order has been presented reciting the death of the testator, the making of his last will and testament appointing the petitioners executors thereof, reciting the names of decedent's only heirs-at-law and next of kin, and that they have requested that said will be admitted to probate, and consent to the probate thereof and to the issuance of letters testamentary thereon, and ordering that a certain day be fixed at the chancery chambers in Jersey City where petitioners may present the said will and proceed to prove the same in solemn form, and that further notice to the heirs-at-law and next of kin may be dispensed with. The provisions of this form of order are a contradiction in terms— permitting petitioners to proceed to prove the will in solemn

form, which requires notice, and then providing that notice may be dispensed with; it being the intention, of course, to dispense with notice for the reason that all parties consent.

This is no case for probate in solemn form. As shown above, the object of such probate is to afford an opportunity to the parties interested to be present and oppose probate. It would be perfectly idle to give notice in this case, because the parties entitled to notice that they might object, have solemnly consented to the probate of the will. They could do no more if they were present upon a proceeding for probate in solemn form. The law will not do a vain thing, and when parties entitled to object say they consent, that is an effectual end of the matter. Probate in solemn form is not a matter of absolute right for the asking, it rests in the sound discretion of the court. In the language of Chancellor Magie, *supra,* it is allowed "whenever a proper case for such action is presented," and, further, "I think probate in solemn form ought not to be compelled except upon some good ground shown," and, still further, "it will be sufficient to justify * * * requiring probate on notice if there is made to appear * * * a fair ground for contesting the validity of the will," &c. Now, the parties interested in the will before me have in the most solemn manner signified their acceptance of the testament, and by their consent to its probate they have notified the court that they do not intend to contest its validity.

Another thing: It is manifest that it is proposed to prove the will before a vice-ordinary at Jersey City, for the convenience of counsel, witnesses and executors. That may be done in this case without any setting down of the cause for hearing, either by me or one of the vice-ordinaries. The office of vice-ordinary was created by *P. L. 1913 p. 81,* which provides that every vice-chancellor shall be a vice-ordinary, and that the ordinary may refer to any vice-ordinary any cause or matter at any time pending in the prerogative court; and that the ordinary may by general rule provide for the reference of causes, matters and proceedings to the vice-

ordinaries. Rule 56 of this court is a general rule, referring, *inter alia,* applications for the probate of wills and granting of letters of administration to the vice-ordinaries without special reference. If this were a proper case for proof in solemn form, the application could be made to a vice-ordinary at Jersey City instead of to me at Trenton, to set a day for such a hearing at the former place. But, as already stated, this is not a case for proof in solemn form, but one for proof in common form, which will have all of the binding effect upon the interested parties the same as though proof were made in solemn form, because their consent to the probate amounts to a waiver of notice, which, therefore, they do not need for their protection, and which would be merely a work of supererogation.

The order applied for will be denied. Petitioners may prove the will in common form as above indicated.